

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2009

# In Re: Burton F. Tuc

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2134

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Burton F. Tuc " (2009). *2009 Decisions.* Paper 1350.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1350

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2134
_____

IN RE: BURTON F. TUCKER,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 05-cr-00114-YK-1)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(filed: May 19, 2009)
_____

OPINION
_____

PER CURIAM.

On April 6, 2009, Burton F. Tucker filed this pro se mandamus petition

pursuant to 28 U.S.C. § 1651, seeking an order that the District Court be compelled to act

upon his pending Rule 60(b) motion.  For the reasons that follow, we will deny the

petition without prejudice.

Mandamus is a drastic remedy available only in the most extraordinary of

circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief and that he has a "clear and indisputable" right to issuance of the writ.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner.  See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction.  See Madden, 102 F.3d at 79.  This case, however, does not present such a situation.  Tucker filed his motion to dismiss pursuant to Rule 60(b)(4) on January 16, 2009.  The Government filed a brief in opposition to Tucker's motion on January 23, and Tucker filed his reply on February 4, 2009.  Eight weeks passed before Tucker filed the instant mandamus petition with this Court.  Such a delay in the disposition of Tucker's Rule 60(b) motion "does not yet rise to the level of a denial of due process."  See id. (district court's delay of four months does not warrant mandamus relief).

Accordingly, we will deny Tucker's mandamus petition without prejudice.